**SEVENTY–ONE SPORTSMEN CLUB, INC., Petitioner-Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

**No. 49940.**

Missouri Court of Appeals,
Eastern District,
Division Seven.

March 4, 1986.
Rehearing Denied April 1, 1986.

Stephen H. Gilmore, St. Louis, for petitioner-appellant.

Ronald Charles Clements, Jefferson City, for respondent.

KAROHL, Presiding Judge.

Bingo licensee under § 313.015 RSMo Cum.Supp.1984, Seventy-One Sportsmen Club, Inc., appeals from a decision of Administrative Hearing Commission which affirmed a decision of the Director of Revenue refusing to renew the license which expired June 30, 1983 (RV–85–2335), and revoked any new license (RV–85–3472). The Administrative Hearing Commission acted under licensee's complaint filed pursuant to § 621.120 RSMo Cum.Supp.1984. Its decision was rendered on March 14, 1985, and this appeal was timely filed on April 10, 1985. § 621.189 RSMo Cum. Supp.1985.

For purposes of this appeal the basic facts are not in dispute. Seventy-One Sportsmen Club was qualified as a charitable and not-for-profit corporation to obtain a Chapter 313 bingo license. On December 10, 1981, it leased premises in St. Louis County to operate under its license. The lease permitted rentals for events such as wedding receptions and banquets but prohibited a sublease without consent of the lessor. On October 8, 1982, the licensee entered into an agreement, styled "Rental Agreement" with Bombers' Athletic Association, an eligible organization with a bingo license. The rental agreement was prepared by counsel and was intended to not create a problem or violation under Chapter 313. It referred to the lease from the owners to Seventy-One Sportsmen Club so as to identify the space to be rented, and provided "[t]he rental space shall be utilized only to conduct bingo." The specific provisions relevant to the issues in this dispute were as follows:

> 3. The rental hereunder is only for Tuesday of any week. This agreement shall not be construed as granting a term rental to the Rental Party, but merely to define the terms of daily rental when and if utilized.

Bombers agreed to pay Seventy-One Sportsmen Club $575.00 for each day of use under the agreement.

On July 8, 1983, the Department of Revenue notified licensee that its Bingo License which expired on June 30, 1983, would not be renewed. The reasons given by the Department were that the licensee had permitted advertising on leased premises, and paid a single prize exceeding $500.00. These acts are prohibited by § 313.040(9) and (4) RSMo Cum.Supp.1984. The licensee filed a complaint under § 621.120 RSMo Cum.Supp.1984, together with a petition for stay. This became the Administrative Hearing Commission (Commission), Case Number RV–85–2335. Petition for a stay order was granted by the Commission on July 19, 1983, under which the licensee continued to operate pending a final decision of the Commission. On October 19, 1983, the Department of Revenue notified the licensee of an additional ground to revoke or deny renewal of license "from the time the aforementioned stay is lifted and for an indefinite period of time thereafter." That ground was that the licensee as a lessee had provided both leased premises and bingo equipment, a violation of § 313.-040(11) RSMo Cum.Supp.1984. The licensee filed a second complaint under § 621.-120 RSMo Cum.Supp.1984 in order to have a hearing on the determination of prohibited "dual rental." This became Case Number RV–85–3472.

Both complaints of licensee and a related complaint of Bombers Athletic Association

vs. Director of Revenue were heard by the Administrative Hearing Commission in one proceeding. The issues before the Administrative Hearing Commission were narrowed to the proscription against advertising, and providing both leased premises and bingo equipment. The Director withdrew the issue of single prize exceeding $500.00. The explanation was that on a single occasion $1.00 was added to the prize in order that three winners could receive an equal award.

The Administrative Hearing Commission made findings of fact. It found that the licensee conducted bingo three evenings a week, utilizing equipment that it had purchased including a flashboard, a public address system, and a machine which was nailed to the premises and used to circulate and dispense numbers. It also found that Bombers Athletic Association advertised its bingo games by attaching small signs to the inside of windows readable by the general public from outside the building. This act was found to be prohibited advertising. It also found that from January 18, 1983 until January 7, 1984, Bombers Athletic Association had no bingo equipment of its own other than bingo cards, and used the above-described equipment of Seventy-One Sportsmen Club. This was found to be a prohibited dual lease. Before the Hearing Commission and on appeal licensee argues that the rental agreement was not a lease, that Seventy-One Sportsmen Club was not a lessor, and did not violate § 313.040(11) by "leasing" both space, and providing bingo equipment. The Hearing Commission concluded as a matter of law that for purposes of this section the act of renting and the act of leasing premises together with the furnishing of bingo equipment were prohibited. In summary, the Commission determined that Seventy-One Sportsmen Club permitted advertising on the premises, and furnished both the premises and bingo equipment, in violation of §§ 313.-040(9) and (11) RSMo Cum.Supp.1984. It affirmed the Department's determination to refuse to reissue a bingo license.

On appeal licensee, Seventy-One Sportsmen Club, contends that the finding with regard to advertisement was contrary to the facts, wrong as a matter of law, arbitrary, capricious, and unreasonable. It makes the same complaint with regard to the finding that it leased both premises and bingo equipment.

The decision of the Administrative Hearing Commission shall be upheld when authorized by law, and supported by competent and substantial evidence upon the whole record. § 621.193 RSMo Cum.Supp. 1984. *James v. TRES Computer Service,* 642 S.W.2d 347, 348 (Mo. banc 1982).

■ During the period of license by Seventy-One Sportsmen Club, the Department of Revenue regularly inspected the premises. On at least four occasions, petitioner was notified by the Department that petitioner was violating the statutory restrictions on advertising. The offending signs were placed against windows and the message was visible from the street. It notified the public of bingo games every Thursday night. Each time petitioner was notified of the violations, the advertisements were removed, however, upon subsequent inspection the signs were back on the window. The evidence supports the finding of the Administrative Hearing Commission on this point. Seventy-One Sportsmen Club leased the premises from the owners of the property, and advertised bingo games on the premises. On the facts, the licensee's first assault on the determination of the Commission fails.

Licensee's second complaint is a matter of law. It turns on the question of whether § 313.040(11) prohibits the owner of premises from supplying both the premises and bingo equipment under a lease in the traditional sense and under a license or rental agreement that is not a lease in the traditional sense. The Commission concluded that the act of renting both premises and equipment is prohibited by this section, and therefore, the licensee did not "show that under the law [it] is entitled to ... renewal." § 621.120 RSMo Cum.Supp. 1984.

We agree that the rental agreement was not a lease. It does not create an estate in the land. There is a distinction between a lease agreement and a license or rental agreement. *C & J Delivery v. Vinyard & Lee & Partners*, 647 S.W.2d 564, 568 (Mo. App.1983). A lease as that word is used in Chapter 313 is not defined. If an applicant for a bingo license proposes to conduct bingo on leased premises, the terms of the lease must be in writing, and are subject to approval by the Director of Revenue. "No lease providing for a rental arrangement for premises or equipment for use in the game shall provide for payment in excess of the reasonable market rental rate for such premises or equipment and in no case shall any payment be based on a percentage of gross receipts or proceeds." § 313.-025 RSMo Cum.Supp.1984. The provisions of this section indicate a legislative intent that the Director of Revenue has the power to prevent rent paid by a licensee from becoming a vehicle to allow a landlord through the use of rental to profit directly from the conduct of bingo games by becoming an indirect but unlicensed operator. Otherwise, an owner of real estate not otherwise qualified to be a licensee, would be permitted to have the benefits of bingo, and avoid the restrictions intended by the legislature. A lease is mentioned in one further section of Chapter 313, § 313.-040(12) RSMo Cum.Supp.1984. This section provides that a licensee may lease premises he owns, leases, or otherwise is empowered to lease, to no more than three licensees per calendar week, provided, however, a licensee who leases or subleases to other licensees may charge no more than a prorated amount the original lessee pays or is charged for the same time under his own lease. The same section permits an unlicensed owner or lessee to lease or sublease to not more than one licensee per calendar week.

■ We conclude that the Administrative Hearing Commission did not err in determining that Chapter 313 was intended to regulate rentals and licenses, and not merely leases, although the latter term is used consistentently, and the former terms are not. Generally, penal statutes are given strict construction, and doubt should be resolved in favor of the party affected by them. 73 Am.Jur.2d Statutes, Paragraph 293, page 451. Chapter 313 is not, however, a penal statute in the usual sense.[1] The general intent of the statute is to rigidly regulate a newly permitted and formerly prohibited form of gambling where only qualified organizations stand to financially profit. If the distinction between rental-license and lease urged by licensee were adopted, then the restrictions of §§ 313.-025.1 and 313.040(12) would have little or no meaning because they would be available to avoid prior approval of the Director, and a licensee could subrent—not lease—to seven or more licensees per calendar week for amounts in excess of what the licensee pays in rental under its own lease. We find that that was not the intent of the legislature. As a result, we affirm the finding of the Commission that licensee violated the provisions of § 313.040(11) by renting-leasing both premises and equipment. This violation terminated during the period of the lease by the creation of a new corporation which owned all bingo equipment, and thereafter rented it to licensee and others. Significantly, the $575.00 per use rental agreement from licensee to Bombers was reduced to $475.00 per use of premises, and the newly formed corporation received $100.00 per use for the equipment. The rental agreement of $575.00 per week was for both premises and equipment.

We affirm.

CRANDALL, J., and HAROLD L. LOWENSTEIN, Special Judge, concur.

---

1. License is a privilege which allows the licensee to do certain things which without the license would be illegal. *Frank v. Wabash Railroad Company*, 295 S.W.2d 16, 20 (Mo.1956).